ETHAN D. KIRSCHNER, State Bar No. 235556
  ethan@kirschner-law.com
**KIRSCHNER LAW, PC**
9696 Culver Blvd., Ste. 301
Culver City, CA 90232
Telephone:  (213) 935-0250
Facsimile:  (213) 986-3106

*Attorney for Plaintiff*
DOUGLAS SINCLAIR

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS SINCLAIR, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, a corporation; and DOES 1-20, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12131 *et seq.*)**<br>**(2) VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (CIV. CODE § 51 *et seq.*);**<br>**(3) VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (CIV. CODE § 54-54.3);**<br>**(4) NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff DOUGLAS SINCLAIR complains against Defendants, and each of them, as follows:

## PARTIES

1. Plaintiff DOUGLAS SINCLAIR ("Plaintiff") is an individual who resides in Tulare County, California. Plaintiff is a disabled individual under all applicable statutes.

2. Plaintiff is informed and believes and based thereon alleges that Defendant NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK ("Amtrak"), is a corporation organized and existing under the laws of the United States of America with its principal place of business located at 60 Massachusetts Avenue, Washington D.C. 2002. Amtrak committed the acts complained of herein, in whole or in part, in this judicial district.

3. At all times relevant hereto, Defendant Amtrak, by and through its railroad interests, has carried out, and continues to carry out, substantial, continuous and systematic business activities within the state of California, and has purposely established significant contacts within California.

4. The injuries and damages alleged in this lawsuit arise out of, and are related to, Defendant Amtrak's contacts and activities in the State of California.

5. At all times relevant hereto, Defendant Amtrak was the owner, operator, maintainer, possessor, lessor, controller, and/or otherwise responsible for the care, control, and safe operation of the locomotive and passenger cars that caused Plaintiff's injury and transported Plaintiff as well as for the Hanford Station, a train station located at 200 Santa Fe Avenue, Hanford, CA 93230.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as DOES 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and based thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the

unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known to Plaintiff. Hereinafter, reference to "Defendants" shall include the named Defendants and the DOE Defendants.

7. Plaintiff is informed and believes and based thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## JURISDICTION AND VENUE

8. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code §§ 19953-19959; California Civil Code §§ 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

## FACTUAL BACKGROUND

10. Plaintiff Douglas Sinclair ("Plaintiff") was diagnosed with cerebral palsy at birth in 1966. His disease has caused impairment of many major life activities. Plaintiff was found to be disabled by the Social Security Administration as a child, continuing through the present.

11. Plaintiff resides in Visalia, California.

12. Plaintiff planned to attend the funeral of his uncle on Saturday, March 20, 2021, in Oakdale, California. To that end, Plaintiff provided his credit card to his aunt, Patricia Cox, who placed a ticket order for him on the Amtrak website to take an

Amtrak train from the Hanford, Station to Modesto, California.

13. Plaintiff is informed and believes and thereon alleges that on March 20, 2021, at approximately 9:40 a.m., at the Hanford Station, Plaintiff attempted to board the Amtrak train from Hanford to Modesto.

14. When the train pulled up, the doors opened and people embarked and disembarked, but no intermediate assisting boarding step descended or was provided by the Amtrak train or the Hanford Station to assist Plaintiff in embarking.

15. The height distance from the Hanford Station platform to the first boarding step on the Amtrak train exceeded the distance that Plaintiff could safely traverse.

16. Plaintiff is unsure of the precise height of the first boarding step, but he is informed and believes and thereon alleges that the height of the first step was at or around the level of his waist. Plaintiff is approximately 6 feet 3 inches tall.

17. No Amtrak or Hanford Station staff or employees were present, near, or otherwise available to assist Plaintiff in boarding the train in the brief period of time between the train's arrival at the Hanford Station and its departure.

18. Plaintiff paused and yelled for assistance from an Amtrak employee who had disembarked from the train and was standing at the entrance another train car some distance away. The distance to the Amtrak employee was too far for Plaintiff to traverse before the train would depart.

19. The Amtrak employee yelled back that Plaintiff should board the train but did not otherwise instruct or assist Plaintiff.

20. Upon hearing the warning signal that signified that the Amtrak train's doors were closing, Plaintiff attempted to board the train. He grasped the rail to assist him in embarking, but then, while attempting to pull himself up the height gap between the Hanford Station platform and the Amtrak train's first step, Plaintiff twisted and fell, injuring his head and seriously injuring his back, hip, and leg.

//

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# FIRST CAUSE OF ACTION
### Violation of Title II of the Americans with Disabilities Act – Against All Defendants
### (42 U.S.C. § 12131 *et seq.*)

21. Plaintiff re-alleges each and every preceding paragraph of this Complaint as though fully set forth herein.

22. Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, guarantees individuals with disabilities an equal opportunity to access the benefits of the services, programs, or activities of public entities. 42 U.S.C. § 12132.

23. In its enactment of the ADA, Congress found that "discrimination against individuals with disabilities persists in such critical areas as...transportation" and that the forms of discrimination encountered by individuals with disabilities include "the discriminatory effects of architectural, transportation, and communication barriers" and "failure to make modifications to existing facilities and practices." 42 U.S.C. § 12101(a)(3), (5).

24. Under the ADA, Amtrak is defined as a public entity and the provider of intercity rail transportation. 42 U.S.C. §§ 12131(1)(C), 12161(3); 49 C.F.R. § 37.3.

25. The ADA requires that all new station facilities for use in intercity rail transportation be built to be accessible, 42 U.S.C. § 12162(e)(1), and that all existing station facilities be made accessible no later than July 26, 2010—twenty years after the signing of the ADA. 42 U.S.C. § 12162(e)(2)(A)(ii)(l); 49 C.F.R. § 37.55.

26. The obligation to make existing station facilities accessible falls to the "responsible person" under the statute. 42 U.S.C. § 12162(e)(2)(A)(i).

27. Plaintiff is informed and believes and thereon alleges that Amtrak is the "responsible person" under the statute for Hanford Station. 42 U.S.C. § 12162(e)(2)(A)(i).

28. Amtrak has a further obligation to provide and maintain in operative condition those features of vehicles that are required to be readily accessible to and usable by individuals with disabilities, including, but not limited to, lifts and other

means of access to vehicles, securement devices, elevators, signage, and systems, including its intercity rail cars. 49 C.F.R. § 37.161(a).

29.  Amtrak has a further obligation to promptly repair accessibility features to vehicles if they are damaged or out of order, and to take reasonable steps to accommodate individuals with disabilities who would otherwise use an accessibility feature when it is out of order, including its intercity rail cars. 49 C.F.R. § 37.161(b).

30.  Amtrak has a further obligation to provide a means by which an individual with disability can identify the proper vehicle or intercity rail car to enter. 49 C.F.R. § 37.167(c).

31.  Amtrak has a further obligation to ensure that its personnel, including intercity railcar personnel, make use of accessibility-related equipment or features required by 49 C.F.R. Part 38 (which provides accessibility specifications for transportation vehicles). 49 C.F.R. § 37.167(e).

32.  Amtrak has a further obligation to make available to individuals with disabilities adequate information concerning transportation services. This obligation includes making adequate communications capacity available, through accessible formats and technology, to enable users to obtain information and schedule service. 49 C.F.R. § 37.167(f).

33.  Amtrak has a further obligation to allow adequate time to permit individuals with disabilities to complete boarding or disembarking from the vehicle, including intercity railcars. 49 C.F.R § 37.167(i).

34.  Amtrak has a further obligation to ensure that its personnel are trained to proficiency, as appropriate to their duties, so that they operate vehicles and equipment safely, including intercity railcars, and properly assist and treat individuals with disabilities who use the service in a respectful and courteous way, with appropriate attention to the differences among individuals with disabilities. 49 C.F.R. § 37.173.

35.  Plaintiff is and was an individual with disabilities as defined by the ADA. 42 U.S.C. § 12102(1)(A).

36. Plaintiff has been denied full and equal access to Defendants' services, facilities, privileges, advantages, and accommodations. Defendants have failed to take sufficient steps to remedy their discriminatory conduct. These violations are ongoing.

37. Defendants have violated Title II of the ADA by failing to make reasonable modifications to their facilities, vehicles, policies, practices, or procedures to ensure Hanford Station is and was accessible to Plaintiff, as alleged below.

38. Defendants have violated Title II of the ADA by failing to make reasonable modifications to their facilities, vehicles, policies, practices, or procedures to ensure the Amtrak train that injured Plaintiff is and was accessible to him, as alleged below.

39. Defendants have violated Title II of the ADA by not providing and/or maintaining in operative condition those features of the Hanford Station or their intercity railcars that would make them accessible to Plaintiff, including, but not limited to, lifts, other means of access, securement devices, elevators, signage, and systems.

40. Defendants have violated Title II of the ADA by failing to promptly repair accessibility features to their intercity railcars if they are damaged or out of order, and to take reasonable steps to accommodate individuals with disabilities, including Plaintiff, who would otherwise use an accessibility feature when it is out of order.

41. Defendants have violated Title II of the ADA by failing to provide a means by which an individual with a disability, including Plaintiff, can identify the proper vehicle or intercity railcar to enter, and/or those that have accessible features that would aid in boarding or disembarking.

42. Defendants have violated Title II of the ADA by failing to ensure that their personnel, including intercity railcar personnel, make use of accessibility-related equipment or features required by 49 C.F.R. Part 38.

43. Defendants have violated Title II of the ADA by failing to make available to individuals with disabilities, including Plaintiff, adequate information concerning

transportation services, including information on how to safely board and disembark intercity railcars.

44. Defendants have violated Title II of the ADA by failing to allow adequate time to permit individuals with disabilities, including Plaintiff, to complete boarding or disembarking from their vehicles, including intercity railcars.

45. Defendants have violated Title II of the ADA by failing to ensure their personnel are trained to proficiency, as appropriate to their duties, so that they operate vehicles and equipment safely, including their intercity railcars, and to properly assist and treat individuals with disabilities in a respectful and courteous way, including Plaintiff, with appropriate attention to the differences among individuals with disabilities.

46. Defendants have violated Title II of the ADA by causing Plaintiff to be deterred from visiting the Hanford Station or riding their intercity railcars after Plaintiff's injury caused by Defendants.

47. Plaintiff alleges that the remedies for violations of the ADA alleged herein were readily achievable and that, for each, the benefits would exceed the costs.

48. Plaintiff is entitled to injunctive relief.

## SECOND CAUSE OF ACTION
**Violation of the Unruh Civil Rights Act – Against All Defendants**
**(Civ. Code § 51 *et seq.*)**

49. Plaintiff re-alleges each and every preceding paragraph of this Complaint as though fully set forth herein.

50. The Hanford Station and the intercity railcar which caused Plaintiff's injury is and were within the jurisdiction of the state of California, and as such are obligated to comply with provisions of the Unruh Civil Rights Act, Civ. Code § 51 *et seq*.

51. The Unruh Civil Rights Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodation, advantages, facilities,

privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the state of California. Civ. Code § 51(b).

52. The Unruh Civil Rights Act provides, *inter alia*, that a violation of the ADA, §§ 12101 *et seq.*, also constitutes a violation of the Act. Civ. Code § 51(f).

53. Plaintiff has a physical disability as defined in Gov't. Code § 12926(m). Civ. Code § 51(e)(1).

54. Defendants' discriminatory conduct alleged herein includes, *inter alia*, the violation of the rights of persons with disabilities set forth in Title II of the ADA and therefore also violates the Unruh Act. Civ. Code § 51(f).

55. The actions of Defendants have violated and continue to violate the Unruh Act and therefore Plaintiff is entitled to injunctive relief to remedy the discrimination.

56. Plaintiff is also entitled to his actual damages, which may include three times the actual damages but no less than the $4,000.00 statutory minimum pursuant to Civ. Code § 52 for each and every offense in violation of the Unruh Civil Rights Act. Civ. Code § 52(b), as well an award of attorney's fees.

57. Plaintiff is also entitled to statutory minimum damages for each potential visit to the Hanford Station or use of Defendants' intercity railcars which was deterred by Defendants' violation of state and federal law or regulation, including the ADA.

## THIRD CAUSE OF ACTION
**Violation of the California Disabled Persons Act – Against All Defendants**
**(Civ. Code §§ 54-54.3)**

58. Plaintiff re-alleges each and every preceding paragraph of this Complaint as though fully set forth herein.

59. The California Disabled Persons Act ("CDPA") guarantees, *inter alia*, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of all "places of public accommodation" and "other places to which the general public is invited" with the jurisdiction of the state of California. Civ. Code §54.1(a)(1).

60. Defendants offers goods and services to the general public at a place of public accommodation and in a place to which the general public is invited within the jurisdiction of the state of California, and therefore are obligated to comply with the CDPA. Civ. Code § 54.1(a)(1).

61. The CDPA provides, *inter alia*, that a violation of the ADA, 42 U.S.C. §§ 12101 *et seq.*, also constitutes a violation of the CDPA. Civ. Code § 54.1(d).

62. Defendants' discriminatory conduct alleged herein includes, *inter alia*, the violation of the rights of persons with disabilities set forth in Title II of the ADA and therefore also violates the CDPA. Civ. Code § 54.1(d).

63. As a result of Defendants' violation of the CDPA, Plaintiff is entitled to "actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000), and attorney's fees as may be determined by the court in addition thereto[.]" Civ. Code § 54.3(a).

64. Plaintiff is entitled to his actual damages, which may include three times the actual damages, but no less than the statutory minimum damages for each and every incident in which he encountered a violation of state or federal law or regulation.

65. Plaintiff is entitled to his actual damages, which may include three times the actual damages, but no less than the statutory minimum damages for each potential visit to the Hanford Station or use of Defendants' intercity railcars that was deterred by Defendants' violation of state and federal law or regulation, including the ADA.

## FOURTH CAUSE OF ACTION
### Negligence and Negligence *Per Se* – Against All Defendants

66. Plaintiff re-alleges each and every preceding paragraph of this Complaint as though fully set forth herein.

67. Defendants owed a duty to Plaintiff to properly supervise, train, and monitor employees, to monitor and maintain the Hanford Station, and to maintain, repair, and service their equipment, including their intercity railcars, doing so to ensure

compliance with Defendants' own specifications and performance standards, as well as to ensure compliance with all applicable laws, including the Americans with Disabilities Act, the Unruh Civil Rights Act, and the California Disabled Persons Act.

68. Defendants' negligent acts and omissions included, but were not limited to:

   a. Failing to make reasonable modifications to their facilities, vehicles, policies, practices, or procedures to ensure Hanford Station is and was accessible to Plaintiff;

   b. Failing to make reasonable modifications to their facilities, vehicles, policies, practices, or procedures to ensure the Amtrak train that injured Plaintiff is and was accessible to him;

   c. Not providing and/or maintaining in operative condition those features of the Hanford Station or intercity railcars that would make them accessible to Plaintiff, including, but not limited to, lifts, other means of access, securement devices, elevators, signage, and systems;

   d. Failing to promptly repair accessibility features to intercity railcars if they are damaged or out of order, and to take reasonable steps to accommodate individuals with disabilities, including Plaintiff, who would otherwise use an accessibility feature when it is out of order;

   e. Failing to provide a means by which an individual with a disability, including Plaintiff, can identify the proper vehicle or intercity railcar to enter, and/or those that have accessible features that would aid in boarding or disembarking;

   f. Failing to ensure that their personnel, including intercity railcar personnel, make use of accessibility-related equipment or features required by 49 C.F.R. Part 38;

   g. Failing to make available to individuals with disabilities, including

       Plaintiff, adequate information concerning transportation services, including information on how to safely board and disembark intercity railcars;

  h.  Failing to allow adequate time to permit individuals with disabilities, including Plaintiff, to complete boarding or disembarking from their vehicles, including intercity railcars;

  i.  Failing to ensure their personnel are trained to proficiency, as appropriate to their duties, so that they operate vehicles and equipment safely, including their intercity railcars, and to properly assist and treat individuals with disabilities in a respectful and courteous way, including Plaintiff, with appropriate attention to the differences among individuals with disabilities;

  j.  By causing Plaintiff to be deterred from visiting the Hanford Station or riding their intercity railcars after Plaintiff's injury caused by Defendants.

69. Through these acts and omissions, Defendants violated one or more of the requirements of the ADA, the Unruh Civil Rights Act, and the CDPA, and as a result, breached duties owed to Plaintiff and injured Plaintiff as a direct and proximate result of such breaches. The laws and regulations applicable here and set forth above establish a positive and definite standard of care for the supervision, training, and monitoring of Defendants' employees, for Defendants' monitoring and maintenance, repair, and service of the Hanford Station and Defendants' intercity railcars, and the violation of these laws and regulations additionally constitutes negligence *per se*.

70. Plaintiff was in the class of persons intended to be protected by the cited statutes and regulations, and was injured as the direct and proximate result of Defendants' violation of these and other federal, state, and local statutes and regulations.

71. Defendants, by their acts and/or omissions as set forth herein, breached

duties owed to Plaintiff and Plaintiff was injured as a direct and proximate result of such breaches.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment and the following specific relief against Defendants, and each of them, as follows:

1. An order enjoining Defendants and their employees, agents, and any and all other persons acting on Defendants' behalf or under Defendants' control from violating the ADA, Unruh Act, and CDPA;
2. A permanent injunction pursuant to the ADA and the Unruh Act remedying all ADA violations; requiring Defendants to institute and implement policies and procedures that ensure that individuals with disabilities have nondiscriminatory, full, equal and independent access to Defendants' facilities and intercity railcars;
3. Damages in an amount to be determined by proof, including all applicable statutory damages pursuant to, *inter alia*, Civ. Code §§ 52(a), 54.3;
4. An order awarding Plaintiff's reasonable attorney's fees and costs, as authorized by 42 U.S.C. § 12188 and Civ. Code §§ 52, 54.3; and
5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: June 14, 2022                                KIRSCHNER LAW, PC

/s/ Ethan D. Kirschner
ETHAN D. KIRSCHNER
Attorney for Plaintiff
DOUGLAS SINCLAIR

//
//

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: June 14, 2022                                     KIRSCHNER LAW, PC

                                                                         /s/ Ethan D. Kirschner
                                                                         ETHAN D. KIRSCHNER
                                                                         Attorney for Plaintiff
                                                                         DOUGLAS SINCLAIR